UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LESLIE SMITH, *et al.*,

                Plaintiffs,

  - against -

MYRTLE OWNER, LLC, *et al.*,

                Defendants.
----------------------------------------X

FOR ELECTRONIC
PUBLICATION ONLY

**MEMORANDUM & ORDER**

09-CV-1655 (KAM) (VVP)

MATSUMOTO, United States District Judge:

      Presently before the court are defendants' objections to the January 7, 2010 Decision and Order of Magistrate Judge Viktor V. Pohorelsky granting plaintiffs' motion for a protective order and denying defendants' motion to compel. (Doc. No. 39, Objections; *see also* Doc. No. 38, Decision and Order (the "Discovery Order").) For the reasons set forth herein, defendants' objections are overruled and the Discovery Order is affirmed.

## **BACKGROUND**

      Plaintiffs commenced this action pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* ("ILSFDA" or the "Act"). (*See* Doc. No. 6, Am. Compl., ¶ 1.) Plaintiffs are purchasers of condominium units from defendant Myrtle Owner ("Mrytle") and seek, *inter alia*, to rescind their purchase agreements and obtain a refund of their deposits pursuant to 15 U.S.C. § 1703(a)(1), which makes it

unlawful for a developer or its agent "to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails" in selling a non-exempt lot for which (1) a statement of record is not in effect, or (2) a property report was not provided to the purchaser in advance of her execution of any contract for the lot. (*See* Am. Compl. ¶¶ 61-66.) 15 U.S.C. 1703(a).

On June 24, 2009, the court held a pre-motion conference in connection with defendants' anticipated motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (*See generally*, Doc. No. 17, Transcript of June 24, 2009 Pre-Motion Conference ("Tr."); *see also* Minute Entry dated 6/24/10.) Although defendants indicated that they were prepared to proceed with their motions solely on the pleadings (Tr. at 16-17, 19-20), plaintiffs' counsel requested that the court schedule "limited discovery" concerning, among other things, defendants' use of instrumentalities of interstate commerce, which defendant asserted was necessary to establish subject matter jurisdiction over this action. (Tr. at 26-29; *see* Doc. No. 5, Defendants' Letter dated May 18, 2009 ("Defs. 5/18/09 Ltr.") at 2-3.) In an effort to streamline motion practice, the court referred plaintiffs' request to conduct limited discovery to Magistrate Judge Pohorelsky to oversee such discovery. (Tr. at 30-31, 35.)

After conducting initial limited discovery, defendants retreated from their earlier position that they could make their motions based upon the pleadings, without discovery. Defendants instead sought to compel plaintiffs to produce their computers for examination by a forensic computer expert and deposition testimony by one of the plaintiffs, Margaret Sanz. Through this discovery, defendants seek to determine whether plaintiffs accessed Myrtle's internet website before entering into agreements to purchase condominium units from Myrtle. (*See* Doc. No. 27, Defendants' Letter dated Oct. 14, 2009 ("Defs. 10/14/09 Ltr.") at 4-6, 10.) Defendants contend that this discovery will bear upon whether there exists "the requisite interstate nexis . . . to the subject transaction with each [p]laintiff . . . ." (Doc. No. 28, Defendants' Letter dated Oct. 21, 2009 ("Defs. 10/21/09 Ltr.") at 3.) In other words, as summarized by Magistrate Judge Pohorelsky, defendants "argue . . . that they are entitled to contest factual issues concerning plaintiffs' use of the mails or instrumentalities of communication or transportation in interstate commerce, the so-called 'interstate nexus' of the plaintiffs' claims, by means of a motion to dismiss for lack of subject matter jurisdiction . . . ." (Discovery Order at 2.)

Plaintiffs oppose defendants' motion to compel and move for a protective order. Plaintiffs now contend, *inter*

*alia*, that defendants' use of instrumentalities of interstate commerce—namely, an internet website—alone suffices to establish subject matter jurisdiction and trigger application of the Act. Plaintiffs further contend that the ILSFDA's interstate commerce requirement "does not turn on the residence of the parties[,]" but instead rests upon defendants' use of instrumentalities of interstate commerce. Doc. No. 26, Plaintiffs' Letter dated Oct. 14, 2009 ("Pls. 10/14/09 Ltr.") at 4) (citing *Guadet v. Woodlake Dev. Co.*, 399 F. Supp. 1005, 1006-07 (E.D. La. 1975).) Plaintiffs argue that the "appropriate inquiry" relates to defendants' use of interstate instrumentalities, not plaintiff's alleged use of any such instrumentalities. (Pls. 10/14/09 Ltr. at 5.) In this regard, the court notes that defendants, not plaintiffs, are in the best position to know whether they possess evidence regarding their use or non-use of interstate instrumentalities vis-à-vis plaintiffs or others.

By Order dated January 7, 2010, Judge Pohorelsky denied defendants' motion to compel defendant's forensic examination of plaintiff's computer hard drives and the deposition of plaintiff Margaret Sanz, and granted plaintiffs' motion for a protective order. In so ruling, Judge Pohorelsky concluded that

4

> Use of . . . instruments of interstate commerce is an element of the plaintiffs' claims; it is not an element of subject matter jurisdiction. The plaintiffs must establish such use to prevail on their claims, but they do not need to establish such use in order to bring the claims in this court. . . . [T]he only thing that they must establish to invoke subject matter jurisdiction in this court is that the claims here involve "offenses" or "violations" of the [Act].

(Discovery Order at 3.) Judge Pohorelsky observed that the Act "imposes certain requirements on real estate developers in connection with the sale of real property if they 'make use of any means or instruments of transportation or communication in interstate commerce, or of the mails.'" (*Id.* at 2) (quoting 15 U.S.C. § 1703(a)). Judge Pohorelsky further observed that the ILSFDA "also contains a specific provision granting federal courts subject matter jurisdiction to decide cases arising under the Act." (*Id.*) *See* 15 U.S.C. § 1719 ("The district courts of the United States . . . shall have jurisdiction of offenses and violations under this title [15 U.S.C. §§ 1701 *et seq.*] and under the rules and regulations prescribed by the Secretary pursuant thereto, and concurrent with State courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title.") (parenthetical in original); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States.") Accordingly, Judge Pohorelsky

concluded that plaintiffs' invocation of the ILSFDA "is enough to establish the court's jurisdiction over the subject matter of this action." (Discovery Order at 3.) Judge Pohorelsky concluded that the discovery sought by defendants "is unnecessary with respect to a motion to dismiss for lack of subject matter jurisdiction . . . ." (*Id.* at 5.)

## DISCUSSION

When considering objections to discovery rulings issued by a magistrate judge, the reviewing court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "An order is clearly erroneous only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed; an order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ohlson v. Cadle Co. Inc.*, No. 04-CV-3418, 2010 U.S. Dist. LEXIS 37811, at *1-2 (E.D.N.Y. Apr. 16, 2010) (citations and internal quotation marks omitted).

Having reviewed the record, including, among other things, the Discovery Order, defendants' objections, plaintiffs' response, and applicable legal authorities, the court concludes that the Discovery Order is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

Defendants rely on *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir. 1982) in support of their argument that "in the context of a Rule 12(b)(1) motion challenging subject matter jurisdiction . . . a District Court 'does not have discretion to . . . deny a request for jurisdictional discovery [when jurisdictional facts are in dispute].'" (Doc. No. 40, Defendants' Memorandum of Law in Support of Objections ("Defs. Mem.") at 2) (quoting *Eaton*, 692 F.2d at 730). In *Eaton*, the court reversed the district court's dismissal of a complaint for lack of subject matter jurisdiction. The complaint alleged a violation of, and based jurisdiction on, the ILSFDA. The defendant argued that because its real estate development contained only 86 condominium units, the sale in question was exempt from the ILSFDA pursuant to 15 U.S.C. § 1702(b)(1), which provides that sales of lots in a subdivision containing fewer than 100 lots are exempt from the Act's registration and disclosure requirements. The plaintiffs responded that the development encompassed a larger subdivision being marketed pursuant to a common promotional plan and moved to amend their complaint to state explicitly the factual basis for jurisdiction. Before the plaintiffs could conduct discovery to attempt to demonstrate that a larger subdivision was involved, the district court dismissed the action for lack of subject matter jurisdiction. On appeal, the court held that

7

dismissal was premature and that the plaintiffs should be given an opportunity to discover facts sufficient to establish subject matter jurisdiction.

Defendants' reliance on *Eaton* is inapposite because here, the defendants, not plaintiffs, seek discovery in support of their Rule 12(b)(1) motion, and contend that plaintiffs' use of interstate instrumentalities is necessary to establish subject matter jurisdiction. The court finds no support for defendants' position on the face of the statute or case law upon which defendants rely. Moreover, as discussed above, the defendants may possess evidence regarding their use or non-use of interstate instrumentalities. Further, *Eaton* does not address the ILSFDA's grant, pursuant to 15 U.S.C. § 1719, of federal subject matter jurisdiction to seek redress for violations of the Act or regulations thereto. Instead, *Eaton* held that the district court should have permitted discovery by the plaintiff where the parties disputed the applicability of a statutory exemption to the ILSFDA's registration and disclosure requirements.

In seeking limited discovery from plaintiffs, defendants do not rely on any statutory exemption to the Act's applicability. Instead, defendants contend that notwithstanding the Act's unambiguous grant of federal subject matter jurisdiction over ILSFDA claims, *see* 15 U.S.C. § 1719,

transactions in which the plaintiffs did not make use of instrumentalities of interstate commerce are exempt from the Act for purposes of federal jurisdiction.

Plaintiffs correctly argue that the ILSFDA's plain language concerns the defendant-developer's use of interstate instrumentalities and not the plaintiffs-purchaser's use of the same. As discussed, the ILSFDA provides, in relevant part, that "[i]t shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails" to engage in enumerated proscribed acts. 15 U.S.C. 1703(a). Plaintiff also correctly notes that defendants cite no authority to support their reading of the Act to require that plaintiffs use the instrumentalities of interstate commerce.

By contrast, plaintiff's reliance on *Guadet v. Woodlake Dev. Co.*, 399 F. Supp. 1005 (E.D. La. 1975) is persuasive. In *Guadet*, the defendant-developer moved to dismiss the plaintiff-purchasers' ILSFDA claims on the grounds that the Act "does not apply to sale of property solely held for sale to residents of the state in which the land is situated." *Guadet*, 399 F. Supp. at 1006 (internal quotation marks omitted). The court found that the relevant statutory language is "pellucid and evidently intentional" and held that "the fulcrum of the Act" rests upon the developer's use of interstate

9

instrumentalities or of the mails.  *See id.* at 1006.  The *Guadet* court observed that "[m]aking federal statutory regulation depend solely on the use of instrumentalities in interstate commerce or of the mails is neither new nor unfamiliar."[1]  *Id.* (citations omitted).  Because the defendant used "both the mails and telephone . . . to promote the development[,]" the court denied the defendant's motion to dismiss.  *Id.* at 1007.

Here, plaintiffs allege that defendants used means or instruments of interstate commerce and the mails.  (Am. Compl. ¶¶ 19, 21-22.)  Thus, plaintiffs have alleged the required "interstate nexus" to invoke the court's subject matter jurisdiction.  *Cf. Paramo v. IMICO Brickell, LLC*, No. 08-CV-20458, 2008 WL 4360609, *6 (S.D. Fla. Sept. 24, 2008) (dismissing ILSFDA claims pursuant to Fed. R. Civ. P. 12(b)(6) because, among other reasons, plaintiffs failed to offer "a single factual allegation with respect to the required interstate nexus, although having four attempts to do so."); *Bongratz v. WL Belvidere, Inc.*, 416 F. Supp. 27, 30 (N.D. Ill.

---

[1] Defendants further argue that because the interstate commerce requirement in various other federal statutes has been held to be jurisdictional, the court should conclude that the ILSFDA's interstate commerce provision is jurisdictional for purposes of establishing subject matter jurisdiction in this court.  (See Defs. Mem. at 4-5.)  Defendants, however, cite to no legal authority, and the court found none that compels a conclusion that Judge Pohorelsky's analysis of the ILSFDA's jurisdictional provision, 15 U.S.C. § 1719, is clearly erroneous or contrary to law.

1976) (where plaintiff failed to allege that defendants used any means or instruments of interstate commerce or the mails, court permitted plaintiffs to replead ILSFDA claims).  Accordingly, defendants' objections to the Discovery Order are overruled.

## **CONCLUSION**

For the foregoing reasons, defendants' objections to the Discovery Order are overruled and the Order is affirmed. Defendants' pending motion to dismiss pursuant to Rule 12(b)(6) will be addressed in a separate opinion.

SO ORDERED.

Dated: Brooklyn, New York
      June 16, 2010

                                          /s/
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York