```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MARGARET SANZ and KARL JUNKERSFELD,
                                            NOT FOR PUBLICATION
            Plaintiffs,
                                            ORDER ADOPTING REPORT &
    -against-                               RECOMMENDATION

MYRTLE OWNER, LLC, DONALD CAPOCCIA,         09-cv-1655(KAM)(VVP)
BRANDON BARON, and JOSEPH FERRARA,

            Defendants.
------------------------------------X
DALLAS BROADWAY and VINITA GUPTA,

            Plaintiffs,

    -against-

MYRTLE OWNER, LLC, DONALD CAPOCCIA,         09-cv-3809(KAM)(VVP)
BRANDON BARON, and JOSEPH FERRARA,

            Defendants.
------------------------------------X
DANIEL FORSTER and BENJAMIN BLOCK,

            Plaintiffs,

    -against-

MYRTLE OWNER, LLC, DONALD CAPOCCIA,         09-cv-5484(KAM)(VVP)
BRANDON BARON, and JOSEPH FERRARA,

            Defendants.
------------------------------------X
MARLENA KAPLAN,

            Plaintiff,

    -against-

MYRTLE OWNER, LLC, DONALD CAPOCCIA,         10-cv-0326(KAM)(VVP)
BRANDON BARON, and JOSEPH FERRARA,

            Defendants.
------------------------------------X
```

```
-----------------------------------X
```
HUROL SENGUL,

   *Plaintiff*,

 -against-
             10-cv-0395(KAM)(VVP)
MYRTLE OWNER, LLC, DONALD CAPOCCIA,
BRANDON BARON, and JOSEPH FERRARA,

   *Defendants*.
```
-----------------------------------X
```
HEESOO KIM and STEVEN MOI,

   *Plaintiffs*,

 -against-
             10-cv-0534(KAM)(VVP)
MYRTLE OWNER, LLC, DONALD CAPOCCIA,
BRANDON BARON, and JOSEPH FERRARA,

   *Defendants*.
```
-----------------------------------X
```
**MATSUMOTO, United States District Judge**:

 Plaintiffs[1] Margaret Sanz, Karl Junkersfeld, Dallas Broadway, Vinita Gupta, Daniel Forster, Benjamin Block, Marlena Kaplan, Hurol Sengul, Heeso Kim, and Steven Moi (collectively, the "plaintiffs") commenced the above-captioned six actions against Myrtle Owner, LLC and its principals Donald Capoccia, Brandon Baron, and Joseph Ferrara (collectively, the "defendants"), alleging that the defendants violated the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et*

---

[1] Lisa Smith and Alessandro Papa were originally named as plaintiffs in the first filed complaint in docket number 09-cv-1655. These plaintiffs dismissed their claims voluntarily. (ECF Nos. 18-19, Notice of Voluntary Dismissal as to Alessandro Papa; ECF Nos. 82-83, Notice of Voluntary Dismissal as to Lisa Smith.)

*seq.* ("ILSA," the "statute," or the "Act"). (*See* ECF[2] No. 1, Complaint; ECF No. 6, Amended Complaint.) Presently before the court is defendants' joint motion to dismiss all six actions on the ground that ILSA does not apply to the sale of high-rise condominiums. (*See* ECF No. 53, Notice of Motion to Dismiss ("Mot.").)

Magistrate Judge Viktor V. Pohorelsky has issued a Report and Recommendation ("Report & Recommendation" or "R&R") recommending that defendants' joint motion to dismiss be denied in its entirety. (ECF No. 78, Report & Recommendation dated 2/9/11.) Defendants have timely objected to the R&R. (*See* ECF No. 79, Defendants' Objections to R&R dated 2/17/11 ("Obj."); ECF No. 80, Memorandum of Law in Support of Defendants' Objections to R&R dated 2/17/11 ("Obj. Mem.").) Plaintiffs filed a timely reply in opposition to defendants' objections to the R&R. (*See* ECF No. 81, Reply in Opposition to Defendants' Objections to R&R dated 2/24/11 ("Obj. Reply").) Having undertaken a *de novo* review of the record in light of the defendants' timely objections pursuant to 28 U.S.C. § 636(b)(1), the court incorporates the R&R by reference and adopts it in its entirety.

---

[2] Unless otherwise specified, all citations are to docket number 09-cv-1655.

**STANDARD OF REVIEW**

I.  **Review of Report & Recommendation**

To the extent that a party makes specific and timely written objections to a magistrate's findings, the district court must apply a *de novo* standard of review. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *see also* 28 U.S.C. § 636(b)(1). Upon such *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

II. **Underlying Dispute**

Plaintiffs in these six actions executed purchase agreements and paid purchase deposits ranging from $37,200 to $115,000 for the purchase of units in the Toren Condominium, a condominium development in downtown Brooklyn. The development consists of a 37-story high-rise residential building, parking space, and parking garage. The defendants in all six cases are Myrtle Owner, LLC, the developer of the Toren Condominium, and Donald Capoccia, Brandon Baron, and Joseph Ferrara, principals of Myrtle Owner, LLC, alleged to have executed certifications indicating that they have primary responsibility for compliance with the laws and regulations applicable to the sale of units in the Toren Condominium.

The sole claim in each of the six complaints is predicated upon ILSA. Plaintiffs seek rescission of the purchase agreements and return of their purchase deposits, alleging that defendants violated ILSA by failing to file a statement of record with the Department of Housing and Urban Development ("HUD") and by not providing plaintiffs with a property report containing certain disclosures required by the Act. In addition, plaintiffs seek interest on their purchase deposits, attorneys' fees and costs, and other costs associated with the purchase of the condominium units at issue.

ILSA requires developers of land to register with the Secretary of HUD by filing a statement of record and, prior to the signing of any agreement, to make certain written disclosures to prospective purchasers of "lots" within a "subdivision" in the form of a property report. *See* 15 U.S.C. § 1703(a)(1). The statute defines "subdivision" as "any land which is located in any State or in a foreign country and is divided or is proposed to be divided into lots, whether contiguous or not, for the purpose of sale or lease as part of a common promotional plan." *Id.* § 1701(3). Nowhere in the statute, however, is the term "lot" defined.

Defendants do not dispute that they did not comply with the registration and disclosure requirements of the statute. Rather, defendants argue that the six actions should

5

be dismissed because ILSA does not apply to the sale of units in high-rise condominiums such as the Toren Condominium, and thus the defendants had no obligation to comply with the requirements of the statute. Specifically, defendants argue that the term "lot" does not include condominium units.

The question for the court in the instant joint motion to dismiss, therefore, is not whether plaintiffs have alleged sufficient facts in the complaints to plausibly claim a violation of ILSA. Rather, the question is whether the statute under which plaintiffs seek relief, ILSA, applies to their claims at all. In particular, the court must determine whether the term "lot" in the statute includes condominium units such that the purchase agreements for the units in the Toren Condominium were subject to the ILSA registration and disclosure requirements.

**III. Report & Recommendation**

As Judge Pohorelsky noted in the R&R, "the Supreme Court set forth the approach to be taken by the courts in interpreting a statute that is administered by an administrative agency." (R&R at 7.) The first step for the court is to determine whether "the intent of Congress is clear" with respect to the particular statutory provision in question. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). The court looks at the "legislation and its

history" to determine whether Congress has expressed a clear intent or whether the statute is ambiguous. *Id.* at 845. "Once a statute is determined to be ambiguous, the court must look to the agency interpretation of the statutory provision, to consider the level of deference due the agency's interpretation . . . ." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 171 (2d Cir. 2009). While agency interpretations of a statute contained in "opinion letters . . .[,] policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law . . . do not warrant *Chevron*-style deference," they are still "'entitled to respect' under . . . *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), but only to the extent that those interpretations have the 'power to persuade.'" *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). Finally, "[a]n agency's interpretation of its own regulations is controlling unless plainly erroneous or inconsistent with the regulation." *Brien*, 588 F.3d at 172 (internal quotation marks and citation omitted).

Judge Pohorelsky conducted a careful review of the text, structure, legislative history, and purpose of ILSA to determine whether the statute is ambiguous or whether Congress expressed a clear intent with respect to the definition of the term "lot" and its application to condominium units. (R&R at 8-14.) After carefully scrutinizing the text and structure of

7

ILSA, Judge Pohoreslky concluded that "while not clear, the text of the statute favors a construction of the term 'lot' that would include units in high-rise condominium buildings." (R&R at 12.) Similarly, Judge Pohoreslky found that "although the legislative history provides no clear answer, it does not favor a narrow reading of the Act that would preclude its applicability to high-rise condominium buildings." (*Id.* at 14.)

Finding the statute to be ambiguous, Judge Pohorelsky next turned to HUD's regulation defining the term "lot" and its interpretation of such regulation. (*Id.* at 14-19.) The R&R noted that "HUD's position has consistently been that 'lot' applies to units in a condominium building" and that the agency sought to "solidify this view in formal regulations," which were adopted after a formal notice and comment period and a public hearing. (*Id.* at 15.) The HUD regulation defines the term "lot" as "'any portion piece, division, unit, or undivided interest in land if such interest includes the right to the exclusive use of a specific portion of the land.'" (*Id.* (quoting Land Registration, 24 C.F.R. § 1710.1(h) (1973)).) Further, the R&R noted that in the preamble to the regulation, "HUD affirmed its long-standing position that the Act applies to condominiums" writing that "'condominiums carry the indicia of and in fact are real estate, whether or not the units therein have been constructed'" and that "'[a] condominium is

8

accordingly viewed by [the agency] as equivalent to a subdivision, each unit being a lot.'" (*Id.*)  Upon review of HUD's authority to issue regulations which, *inter alia*, defined the term "lot," and HUD's interpretation of the Act and regulations to include within the term "lot" units in condominium buildings, Judge Pohorelsky found that the agency's construction and interpretation of the statute and regulations were not plainly erroneous or inconsistent, and were thus controlling.  (*Id.* at 17, 19 ("HUD's interpretation is neither 'plainly erroneous or inconsistent' with the regulation nor an unpersuasive interpretation of the statute. . . . Deferring to HUD's long-standing decision to apply ILSA to condominiums is both persuasive and consistent with [ILSA's] policy goal.").)  Consequently, Judge Pohorelsky concluded that "the court is convinced by the history and policies underlying the statute as well as HUD's interpretation of it that the Act applies to the Toren Condominium."  (*Id.* at 19.)

## **DISCUSSION**

In light of defendants' timely objections, the court has undertaken a *de novo* review of the full record, including the applicable law, the pleadings, the underlying record, the parties' submissions on the instant joint motion, the R&R, the defendants' objections to the R&R, and the plaintiffs' reply in

9

opposition to defendants' objections to the R&R.  *See* 28 U.S.C. § 636(b)(1).

Defendants raise two principal objections to the R&R, repeating the same arguments advanced in the joint motion to dismiss and addressed by Judge Pohorelsky in the R&R.  First, defendants object to the conclusion in the R&R "that the intent of Congress in including high rise condominium buildings with [sic] the scope and coverage of [the Act] is unclear."  (Obj. ¶ 1; *see also* Obj. Mem. at 2-11.)  Defendants argue that "Congress' contextual use of the term 'lot' throughout the Act, the legislative history of the Act, and the fact that compliance with the Act in the case of certain purchase agreements related to high rise condominium developments is impossible" demonstrate that "Congress did not intend to include high rise condominium buildings within the scope and coverage of the Act."  (Obj. ¶ 1; *see also* Obj. Mem. at 2-11.)

Second, defendants object to the conclusion in the R&R "that deference or respect should be given to HUD's interpretive guidance concerning the applicability of the Act to high rise condominium buildings."  (Obj. ¶ 2; *see also* Obj. Mem. at 11-19.)  Defendants argue that "HUD's interpretive guidance is not entitled to any weight because it does not have the 'power to persuade'" given that "it fails to analyze the statute and its

regulation and fails to explain its reasoning except in the most cursory manner." (Obj. Mem. at 14, 17.)

Plaintiffs respond to defendants' objections, arguing that the R&R "contains a thorough discussion and analysis of ILSA, the use of the term 'lot' throughout ILSA and the arguments made by Defendants that high-rise condominiums are not within ILSA's purview." (Obj. Reply ¶ 1.) Plaintiffs argue that Judge Pohorelsky correctly concluded that the text of ILSA, when analyzed in conjunction with the legislative history and the policy of the statute, "'favors a construction of the term 'lot' that would include units in high-rise condominium buildings.'" (*Id.* (quoting R&R at 12).) Further, plaintiffs argue that Judge Pohorelsky "correctly applied the well established standards and factors" to determine the level of deference due to HUD's regulations and interpretation of ILSA. (*Id.* ¶ 2.)

The court has considered the foregoing objections and undertaken a *de novo* review of the R&R, the underlying pleadings and factual record upon which it is based, and the relevant legal authorities. Having conducted such review, and upon careful consideration of the defendants' objections, the objections are overruled. This court, fully concurring with Judge Pohorelsky in all material respects, hereby adopts, in its entirety, the rationale articulated in the detailed, thorough

and well-reasoned R&R, which embodies a correctly grounded analysis of the factual record and legal authorities. Specifically, the court agrees with and fully adopts Judge Pohorelsky's conclusion that, although not completely clear, the text, structure and legislative history of ILSA support a reading of the term "lot" to include condominium units, and that the HUD regulation defining the term "lot" and HUD's interpretation of the regulation to include units in condominium buildings is persuasive and entitled to respect.  Consequently, the court finds that ILSA applies to the Toren Condominium.

## CONCLUSION

For the reasons set forth above, Judge Pohorelsky's well-reasoned and thorough Report & Recommendation is incorporated by reference and adopted in its entirely as the opinion of the court, and defendants' objections are overruled.

**SO ORDERED.**

Dated:   July 5, 2011
         Brooklyn, New York

                                        /s/
                              **Kiyo A. Matsumoto**
                              United States District Judge
                              Eastern District of New York